

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00578-CR

**IN RE** Elio Enay **RUDAMAS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Rebeca C. Martinez, Chief Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: February 2, 2022

PETITION FOR WRIT OF MANDAMUS DENIED

On December 22, 2021, relator filed a petition for writ of mandamus challenging the trial court's "order appointing judges under Texas Government Code section 26.024." We issued an order requesting a response. The State filed an initial response on January 4, 2022 and an amended response on January 11, 2022. Relator filed replies on January 6, 2022 and January 12, 2022.

We may issue writs of mandamus to correct an abuse of discretion, but only when agreeable to principles of law. *See* TEX. GOV'T CODE ANN. § 22.221(b). To establish a right to mandamus relief in a criminal case, a relator has the burden of providing this court with a record sufficient to establish the trial court violated a ministerial duty and there is no adequate remedy at law. *See*

---

[1] This proceeding arises out of Cause No. 11304-CR, styled *State of Texas v. Elio Enay Rudamas*, pending in the County Court, Kinney County, Texas, the Honorable Tully Shahan presiding.

TEX. R. APP. P. 52.3(k)(1)(A); *id.* 52.6(a)(1); *see also In re Soliz*, No. 04-18-00565-CR, 2018 WL 3998463, at *1 (Tex. App.—San Antonio Aug. 22, 2018, orig. proceeding).

Here, relator did not provide this court with a copy of the trial court's order or other written document appointing new judges to assist in Kinney County. Because relator did not provide this court with a sufficient record, relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish